UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEE MATHEWS, | No. 2:23-cv-00922 DB P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff, James Lee Mathews, proceeds pro se and in forma pauperis. Plaintiff seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint (ECF No. 1) is before the court for screening.[1] Plaintiff has also filed a motion seeking certified copies of records. (ECF No. 9.)

For the reasons set forth below, the complaint's allegations do not state a claim and the motion for certified copies of records will be denied. Plaintiff is granted leave to file an amended complaint under the terms set forth.

////

---

[1] A letter submitted by plaintiff on June 1, 2024 (ECF No. 4) was entered to the docket as a first amended complaint. This document reads as a letter to the court and does not contain factual allegations or causes of action. The court construes the first amended complaint as a letter and will direct the Clerk of Court to update the docket accordingly.

1

I.  **Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.  **Plaintiff's Allegations**[2]

Plaintiff alleges it is "common practice" at the Sacramento County Jail to abruptly terminate prescribed medications, withhold medications during incarceration, and then release people to the streets with no after care plan, no prescriptions, and no accommodations. (ECF No. 1 at 3.) Defendants are the County of Sacramento, Sacramento County Sheriff, and "UC Davis Medical." (Id. at 1.) Plaintiff seeks "compens[ation]" and injunctive relief. (Id.)

---

[2] Portions of plaintiff's complaint and letters to the court are difficult to read or nearly illegible. Plaintiff is instructed to write as clearly as possible in any amended complaint. Factual allegations that are illegible cannot give fair notice of any claims.

### III. Discussion

#### A. Legal Standards for Civil Rights Claims under 42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). A government entity can be held liable under 42 U.S.C. § 1983 when execution of a government's policy or custom inflicts the plaintiff's injury. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 694 (1977).

#### B. The Complaint Fails to State a Claim

##### 1. No Alleged Violation of Plaintiff's Own Rights

The court infers plaintiff was formerly in custody at the Sacramento County Jail from the complaint's allegations. However, the current allegations do not assert any violations of plaintiffs' own rights. Instead, the complaint challenges the defendants' alleged common practices pertaining to terminating medication and the manner of releasing persons from custody.

As a non-attorney litigant, plaintiff may not bring claims for other individuals or represent other individuals in this action. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself'") (quoting C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)). To the extent plaintiff seeks relief under 42 U.S.C. § 1983, plaintiff must allege and describe with sufficient factual allegations a violation of plaintiff's own rights. See 42 U.S.C. § 1983 (establishing liability "to the party injured"); West v. Atkins, 487 U.S. 42, 48 (1988). Because the complaint's factual allegations do not assert any violations of plaintiff's own rights, the complaint must be dismissed for failure to state a claim.

////

////

### 2. No Claim Stated for Local Government/Entity Liability

The defendant, County of Sacramento, is subject to suit under 42 U.S.C. § 1983. See Monell, 436 U.S. at 690. However, to establish that a municipal entity is liable for an alleged violation, a plaintiff must establish that the alleged violation was attributable to an official municipal policy, a permanent and well-settled practice, or a decision of a municipal official with final decision-making authority. See Pembaur v. City of Cincinnati, 475 U.S. 469, 481-83 (1986). In order for a municipality to be liable under Monell, a plaintiff must generally show "(1) they were deprived of their constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which 'amount[ ] to deliberate indifference' to their constitutional rights; and (3) that these policies are the 'moving force behind the constitutional violation[s].'" Lee v. City of L.A., 250 F.3d 668, 681-82 (9th Cir. 2001) (quoting Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)), abrogated on other grounds by Twombly, 550 U.S. at 555; see also Picray v. Sealock, 138 F.3d 767, 772 (9th Cir. 1998) ("Proof of random acts or isolated events does not satisfy the plaintiff's burden to establish a custom or policy.").

Here, the complaint does not include facts pertaining to a specific policy, practice, or decision of a municipal official with final decision-making authority that led to the alleged deprivation. As set forth above, the complaint also does not establish a violation of plaintiff's own constitutional rights. Thus, the complaint fails to state a claim against the County of Sacramento.

### C. Plaintiff's Motion for Copies of Certified Records

Plaintiff asks the court to order all the defendants to provide all of his medical, psychological, and ADA records, as well as all medical and custody requests, grievances, and responses. (ECF No. 9 at 1.) Plaintiff alleges he properly submitted requests for these records but did not receive the documents.

Plaintiff's motion fails to establish he made proper requests for any the requested records or that his requests were improperly denied. Moreover, discovery is premature at this stage of the litigation since plaintiff's complaint is being dismissed with leave to amend and no defendants have been served with process. Accordingly, plaintiff's request for records will be denied.

**IV.    Order**

Plaintiff's complaint does not state any cognizable claims, but plaintiff is granted leave to file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to file an amended complaint, it should be titled "first amended complaint" and must state what each named defendant did that led to the deprivation of constitutional rights. See Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009). An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220.

In the alternative, plaintiff may notify the court he wishes to stand on the complaint as it is currently pleaded. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend, after which plaintiff will be granted an opportunity to file objections, and a district judge will assigned to the case to determine whether the complaint states a cognizable claim. In the further alternative, if plaintiff does not wish to pursue his claims further, plaintiff may file a notice of voluntary dismissal, which will terminate this action by operation of law.

In accordance with the above, IT IS HEREBY ORDERED:

1. The Clerk of the Court is directed to update the docket to reflect that plaintiff's document filed on June 1, 2023 (ECF No. 4), is construed as a letter to the court.

2. Plaintiff's motion for copies of certified records (ECF No. 9) is denied.

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

4. Within thirty days from the date of service of this order, plaintiff must file one of the following:

    a. An amended complaint curing the deficiencies identified in this order;

    b. A notice of election to stand on the complaint as filed; or

    c. A notice of voluntary dismissal.

////

////

4. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

DATED: February 16, 2024

DLB7
math0922.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE