1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                     FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8     JAMES LEE MATHEWS,                        No.  2:23-cv-00922-DC-SCR P

9                 Plaintiff,

10          v.                                  ORDER

11    COUNTY OF SACRAMENTO, ET AL.,

12                Defendants.

13

14          Plaintiff is a former county inmate who is proceeding pro se and in forma pauperis in this

15    civil rights action pursuant to 42 U.S.C. § 1983.  This action was referred to the undersigned

16    pursuant to Local Rule 302.  See 28 U.S.C. § 636(b)(1).

17          On June 5, 2024, the previously assigned magistrate judge vacated the recommendation

18    that this action be dismissed for plaintiff's failure to file an amended complaint after discovering

19    that plaintiff's first amended complaint ("FAC") was entered as a new case.[1]  (ECF No. 13.)  The

20    FAC (ECF No. 14) is now before the court for screening.  For the reasons set forth below, the

21    FAC states a cognizable claim for inadequate medical care under the Fourteenth Amendment

22    against County of Sacramento but no other cognizable claims.  Plaintiff may proceed on the claim

23    stated or may file a second amended complaint under the guidelines set forth below.  The court

24    further grants plaintiff the option to file a letter describing any current circumstances that warrant

25    the appointment of counsel.

26

27    [1]  The complaint was assigned case number 2:23-cv-1021-DB (E.D. Cal.) and was also entitled
      Mathews v. County of Sacramento, et al.  The complaint did not bear the case number for this
28    case and the boxes for both "original complaint" and "amended complaint" were checked.

                                                  1

1        I.        Statutory Screening of Prisoner Complaints

2            The court is required to screen complaints brought by prisoners seeking relief against "a

3    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A

4    claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

5    Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on

6    an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S.

7    at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

8    arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

9            To avoid dismissal for failure to state a claim, a complaint must contain more than "naked

10   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

11   action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

12   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

13   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

14   court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

15   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

16   inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When

17   considering whether a complaint states a claim, the court must accept the allegations as true,

18   Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

19   favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

20       II.       Factual Allegations of the First Amended Complaint

21           Plaintiff's FAC is a handwritten, 16-page document that is difficult to follow and illegible

22   at times.  Its caption page (ECF No. 14 at 1) and its attachment (Id. at 7-8) list County of

23   Sacramento, UC Davis Medical Center,[2] and ten individuals as defendants: Sheriff Jim Cooper;

24   Captain Yee; Captain Vaden Vanessa; Lt. A. Leahy; Dep. Petersen; Psyche Dr., RCCC; Psyche

25   Dr. Main Jail; Psyche Nurse; Public Defender Mike Mallen; and Public Defender Anthony

26   Crisostamo.  Plaintiff claims violations of the "right to treatment and to be free of cruel and

27   ─────────────────
     [2] The FAC alternatively lists the seventh defendant as "UC Davis Medical Center" and "UC

28   Davis Psyche Services."  For screening purposes, the court treats them as one single entity.

                                              2

1    unusual punishment," a violation of "due process and equal protection of laws," and a violation of

2    Title II of the Americans with Disabilities Act ("ADA").  (Id. at 3-5.)  He requests one million

3    dollars in damages.  (Id. at 6.)

4         Plaintiff alleges he has cognitive, developmental, and mental disabilities, including

5    diagnoses of written language disorder of written expression, dyslexia, attention

6    deficit/hyperactivity disorder (ADHD) and post-traumatic stress disorder (PTSD).  (ECF No. 14

7    at 4.)  Plaintiff alleges that upon arrest and incarceration in the Sacramento County Jail, all

8    prescribed medications were "abruptly terminated (against medication warning)" and withheld

9    during incarceration.  Plaintiff states that he was not seen by a psychiatrist and did not receive the

10   full dose of his psychiatric medication in the first two months of his incarceration at Sacramento

11   County Jail.  After he sent a letter to the court, a nurse called him out to the hallway and said he

12   would receive his psychiatric medications.  (Id. at 3.)  Plaintiff further alleges he is "entitled to an

13   accommodation by way of a scribe" due to courts' past rejections of his documents for

14   illegibility.  (Id. at 12.)  He claims this accommodation and his related grievances have been

15   denied.  (Id.)  He cannot meaningfully access the courts as a result.  (Id.)

16        Plaintiff alleges that he has "been able to make massive improvements" with medication

17   but struggles with SSRI inhibitor withdrawal and an inability to communicate when medications

18   are "abruptly terminated."  (ECF No. 14 at 4.)  Only "trained people or loved ones" can

19   understand him in this state.  (Id. at 12.)  His PTSD is now so bad that he sweats profusely,

20   convulses, and has nightmares.  (Id. at 4.)

21   III.    Discussion

22          a.   42 U.S.C. § 1983

23        A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights,

24   privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity,

25   including a municipality, acting under the color of state law.  42 U.S.C. § 1983.  To state a claim

26   under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law

27   (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  Benavidez v.

28   County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

1      Municipalities cannot be held vicariously liable under § 1983 for the actions of their

2   employees.  Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978).  "Instead, it is

3   when execution of a government's policy or custom, whether made by its lawmakers or by those

4   whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the

5   government as an entity is responsible under § 1983."  Id. at 694.  Municipalities are considered

6   "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional

7   deprivation.  Monell, 436 U.S. 658, 690 (1978); Long v. County of Los Angeles, 442 F.3d 1178,

8   1185 (9th Cir. 2006).  To properly plead a Monell claim based on an unconstitutional custom,

9   practice, or policy, plaintiff must show that the government "had a deliberate policy, custom, or

10   practice that was the moving force behind the constitutional violation [plaintiff] suffered."  See

11   AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) (quotation marks

12   and citation omitted).  Plaintiff must also show that the policy or custom of the government

13   "reflects deliberate indifference" to plaintiff's constitutional rights.  Castro v. County of Los

14   Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) (quotation marks and citation omitted).  Unless the

15   challenged policy is in writing, the municipal policy at issue must be the result of a "longstanding

16   practice or custom which constitutes the standard operating procedure of the local government

17   entity." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quotation omitted).

18      Section 1983 requires that there be an actual connection or link between the actions of the

19   defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

20   Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71

21   (1976).  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's

22   "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a

23   series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which

24   [the defendant] knew or reasonably should have known would cause others to inflict a

25   constitutional injury."  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks

26   and citation omitted).  To state a claim for relief under § 1983, plaintiff must link each named

27   defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

28   federal rights.

i.  Fourteenth Amendment Inadequate Medical Care

Plaintiff appears to have been a pretrial detainee during the events in the FAC.[3] As such, the court construes plaintiff's claim for denial of the "right to treatment and to be free of cruel and unusual punishment" as alleging inadequate medical care under the Fourteenth Amendment.  See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) (holding medical care claims brought by pretrial detainees arise under the Fourteenth Amendment's Due Process Clause rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause).

"[T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."  Gordon, 888 F.3d at 1125.  "[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard."  Id. at 1122–25 (relying on Castro, 833 F.3d at 1070).

The court considers the County of Sacramento's potential municipal liability under Monell.  Construing the FAC in the light most favorable to the plaintiff, the FAC alleges that the Sacramento County Jail has an intentional policy or custom of "abruptly terminat[ing]" prescriptions upon incarceration and delaying access to psychiatric care.  (ECF No. 14 at 3.)  The FAC's allegations that support a showing of deliberate indifference include claims that the jail's withholding of medication is against the medication's warnings. (Id.); see Castro, 833 F.3d at 1076 (holding that the deliberate indifference standard for municipal liability under § 1983 is an

---

[3]  On its own motion, the court takes judicial notice of case information pertaining to the state criminal case underlying the allegations in the FAC. See Case No. 20FE003567, https://services.saccourt.ca.gov/PublicCaseAccess/Criminal/CaseDetails?sourceSystemId=8&sourceKey=1670425.

5

1    objective inquiry).  Finally, plaintiff alleges that withholding access to his medication and

2    psychiatric care caused SSRI inhibitor withdrawal, communication difficulties and worsening

3    PTSD.  (ECF No. 14 at 4.)  For screening purposes, Plaintiff has minimally pled a <u>Monell</u> claim

4    for inadequate medical care against County of Sacramento.

5         Plaintiff has not adequately pled a connection or link between any other defendant and the

6    alleged violation of his Fourteenth Amendment right to adequate medical care.  In fact, outside of

7    the caption page and its attachment, the FAC does not reference any defendant besides the

8    County of Sacramento.  At least six of the ten individual defendants are alleged to work at the Rio

9    Cosumnes Correctional Center (RCCC), but the FAC's allegations all appear to have occurred at

10   Sacramento County Jail.

11        Further, plaintiff's claims against public defenders Mallen and Crisostamo cannot survive

12   screening because court-appointed attorneys representing indigent defendants are not state actors

13   within the meaning of § 1983.  <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 318-19 (1981) (public

14   defenders do not act under color of state law for purposes of § 1983 when performing a lawyer's

15   traditional functions); <u>Rivera v. Cty. of Los Angeles</u>, 745 F.3d 384, 391 n.3 (9th Cir. 2014)

16   (same; citing <u>Polk</u>, 454 U.S. at 325).

17        In sum, the court finds that Plaintiff has pled a Fourteenth Amendment inadequate

18   medical care claim against the County of Sacramento but no other defendants.

19                    ii.   Due Process and Equal Protection of Laws

20        The court finds it difficult to determine which Fourteenth Amendment cause of action

21   plaintiff intends to plead with this claim.  Regardless, the FAC does not link this claim to any

22   defendant.  The claim's "supporting facts" consist of general complaints regarding the criminal

23   justice system's treatment of people with disabilities.  (See ECF No. 14 at 5.)  Because of the

24   absence of a connection between any defendants and an alleged violation of plaintiff's own rights,

25   the FAC fails to state a claim for relief on either due process or equal protection grounds.

26                    b.   Title II of the ADA

27        Under Title II of the ADA, 42 U.S.C. § 12131 et seq., "no qualified individual with a

28   disability shall, by reason of such disability, be excluded from participation in or be denied the

1    benefits of the services, programs, or activities of a public entity, or be subjected to

2    discrimination by any such entity." 42 U.S.C. § 12132.  To state a claim under Title II, a plaintiff

3    must allege (1) he is an individual with a disability; (2) he is "otherwise qualified" to participate

4    in or receive the benefit of the entity's services, programs, or activities, i.e., he meets the essential

5    eligibility requirements of the entity, with or without reasonable accommodation; (3) he was

6    either excluded from participation in or denied the benefits of the entity's services, programs, or

7    activities, or was otherwise discriminated against by the public entity solely by reason of his

8    disability; and (4) the entity is a public entity.  Zukle v. Regents of Univ. of Cal., 166 F.3d 1041,

9    1045 (9th Cir. 1999).  "A disability discrimination claim may be based on 'one of three theories

10    of liability: disparate treatment, disparate impact, or failure to make a reasonable

11    accommodation.'"  Payan v. Los Angeles Community College District, 11 F.4th 729, 738

12    (quoting Davis v. Shah, 821 F.3d 231, 260 (2d Cir. 2016)).  In contrast to a Title II disparate

13    impact claim, which "is focused on modifying a policy or practice to improve systemic

14    accessibility," a Title II "reasonable accommodation claim is focused on an accommodation

15    based on an individualized request or need[.]"  Id.  In addition, "[t]o recover monetary damages

16    under Title II of the ADA ... a plaintiff must prove intentional discrimination on the part of the

17    defendant."  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

18         Only state and local government entities can be held liable under Title II of the

19    ADA.  See Zukle, 166 F.3d at 1045; Everett H. v. Dry Creek Joint Elem. Sch. Dist., 5 F. Supp. 3d

20    1167, 1181 (E.D. Cal. 2014).  As such, plaintiff cannot bring an ADA claim against any of the ten

21    individual defendants.  The court then will consider whether the FAC states a claim for relief

22    against County of Sacramento and UC Davis Medical Center.

23         The FAC adequately pleads that plaintiff has ADHD, PTSD, and other disabilities that

24    substantially limit him in the major life activities of communicating, reading, and writing.  (ECF

25    No. 14 at 4; see 42 U.S.C. § 12102.)  But the FAC does not identify the public entity alleged to

26    have refused plaintiff his accommodation of a scribe and denied his related grievances.  This

27    portion of the FAC repeatedly uses "they" to describe the alleged wrongdoer, but it is unclear

28    whether this refers to County of Sacramento, UC Davis Medical Center, or some other public

1    entity or individual.  Accordingly, the FAC lacks adequate linkage to state a claim for relief under

2    Title II of the ADA.

3        IV.    Conclusion

4        After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that

5    plaintiff's FAC states a potentially cognizable Fourteenth Amendment inadequate medical care

6    claim against defendant County of Sacramento but states no other claims.  Based on the court's

7    screening, plaintiff will be given a choice.  Plaintiff may proceed immediately against defendant

8    County of Sacramento on the Fourteenth Amendment inadequate medical care claim or file an

9    amended complaint.  If plaintiff chooses to proceed on his inadequate medical care claim, he will

10    voluntarily dismiss all remaining defendants and claims.

11        If plaintiff chooses to file an amended complaint, the amended complaint should be titled

12    "Second Amended Complaint" and reference case number 2:23-cv-00922.  The second amended

13    complaint must demonstrate how the conditions about which plaintiff complains resulted in a

14    deprivation of his own constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also,

15    it must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs.

16    Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983

17    unless there is some affirmative link or connection between a defendant's actions and the claimed

18    deprivation.  Id.; Starr, 652 F.3d 1202, 1207-08.  Furthermore, "[v]ague and conclusory

19    allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of

20    Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

21        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

22    his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an

23    amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)

24    (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir.

25    2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

26        V.    Appointment of Counsel

27        Plaintiff states in the FAC that because his disabilities affect his ability to read and write,

28    he would "greatly appreciate the appointment of counsel."  (ECF No. 14 at 14.)  If not, then he

8

1    requests a "court order" telling the Sacramento County Sheriff to allow him two sessions in the

2    law library per week with a trained staff as an accommodation "so that I could enjoy my right to

3    meaningful access to the court."  (Id.)

4         District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent

5    indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

6    (1989).  In exceptional circumstances, the court may request that an attorney voluntarily represent

7    such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

8    1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional

9    circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and

10   the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal

11   issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v.

12   Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack

13   of legal education and limited law library access, do not establish exceptional circumstances that

14   would warrant a request for voluntary assistance of counsel.  Wood, 900 F.2d at 1335; Riley v.

15   Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

16        Beyond § 1915(e)(1), other sources of law may implicate a request for counsel.  For

17   example, appointed counsel may be required in a civil proceeding as an accommodation for a

18   litigant who is disabled.  See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013

19   WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of

20   mentally disabled individuals in civil immigration proceedings on their request for appointed

21   representatives under the Rehabilitation Act).  Due process may also require appointment of

22   counsel in certain proceedings.  See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing

23   request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S.

24   319 (1976), procedural due process framework).

25        Plaintiff is no longer incarcerated.  Considering plaintiff's changed circumstances, the

26   court cannot analyze whether the alleged difficulties plaintiff faced in Sacramento County Jail

27   warrant the appointment of counsel.  However, because of plaintiff's pro se status and the

28   apparent disability-related reasons for his inability to heed the court's prior instructions to write

1    legibly (see ECF No. 11 at 2, n.2), the court will give plaintiff 30 days to submit a short letter of

2    no more than five pages explaining whether there are current, exceptional circumstances that

3    require the court to consider the appointment of counsel.

4        VI.        Plain Language Summary of this Order for Party Proceeding Without a Lawyer

5            One of the allegations in the first amended complaint state a claim against a defendant and

6    the rest do not.  The allegation that Sacramento County Jail took away your medication when you

7    entered the jail states a claim for inadequate medical care under the Fourteenth Amendment

8    against Sacramento County.  None of your other allegations stated a claim because you didn't

9    link specific individuals or public entities to the alleged violations.

10            You have a choice to make.  You may either (1) proceed immediately on your Fourteenth

11    Amendment inadequate medical care claim against Sacramento County and voluntarily dismiss

12    the other claims; or (2) try to amend the complaint.  You may fill out and mail the attached

13    "Notice of Election" form to let the court know what choice you made.  Lastly, because you are

14    no longer incarcerated, the court does not know whether you are still having trouble accessing the

15    courts.  The court asks you to submit a short letter within 30 days explaining whether you still

16    seek appoint of counsel and your reasons why.  Accordingly, IT IS HEREBY ORDERED that:

17            1.  The Clerk's Office shall send plaintiff a blank civil rights complaint form.

18            2.  Plaintiff's first amended complaint states a cognizable claim for inadequate medical

19    care under the Fourteenth Amendment against defendant County of Sacramento but no other

20    cognizable claims.

21            3.  Plaintiff has the option to proceed immediately on his Fourteenth Amendment

22    inadequate medical care claim against County of Sacramento or to file an amended complaint.  If

23    plaintiff chooses to proceed on his cognizable claim in the complaint, he shall voluntarily dismiss

24    his other claims and defendants.

25            4.  Within thirty (30) days of the date of this order plaintiff shall notify the court how he

26    chooses to proceed.  Plaintiff may use the "Notice of Election" form included with this order for

27    this purpose.

28            5.  Within thirty (30) days from the date of this order, plaintiff may file a short letter of no

1   more than five pages explaining whether there are current, exceptional circumstances that require

2   the court to consider the appointment of counsel.

3          6.  Plaintiff is warned that his failure to comply with this order will result in a

4   recommendation that this action be dismissed.

5   DATED: January 29, 2025

6

7                                                      _____

8                                                      SEAN C. RIORDAN
                                                       UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES LEE MATHEWS,                        No.  2:23-cv-00922-DC-SCR P

12                  Plaintiff,

13           v.                                 NOTICE OF ELECTION

14    COUNTY OF SACRAMENTO, ET AL.,

15                  Defendants.

16

17          Check one:

18    _____  Plaintiff wants to proceed immediately on his Fourteenth Amendment inadequate medical

19          care claim against defendant County of Sacramento without amending the complaint.

20          Plaintiff understands that by choosing this option, the remaining defendants will be

21          voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

22

23    _____  Plaintiff wants time to file an amended complaint.

24

25    DATED:_____

26                                              _____
                                                James Lee Mathews
27                                              Plaintiff pro se

28

                                              1